UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SADE BRYANT,<br><br>        Plaintiff,<br><br>v.<br><br>VECTOR MARKETING CORPORATION;<br>KELLY SERVICES USA, LLC and JOHN DOES<br>1-5 AND 6-10<br><br>        Defendants. | Civil Action No.: 20-cv-16082 |

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

Defendant Kelly Services USA, LLC ("Kelly Services"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with consent of Co-Defendant, Vector Marketing Corporation, removes the above-titled action, which is pending in the Superior Court of New Jersey, Camden County, Law Division. In support of this Notice of Removal, Kelly Services states as follows:

**Nature of the Action**

1. On September 18, 2020, Plaintiff Sade Bryant ("Plaintiff") filed a Complaint and Jury Demand (the "Complaint") with the Clerk of the Superior Court of New Jersey, Camden County, Law Division, titled Sade Bryant v. Vector Marketing, et al., Docket No. CAM-L-3100-20 (the "State Court Action"). Plaintiff's Complaint in the State Court Action names as defendants Vector Marketing Corporation, Kelly Services USA, LLC, and John Does 1-5 and 6-10. Pursuant to 28 U.S.C. § 1446, true and correct copies of the summons and all other pleadings, orders, and other papers or exhibits of every kind in the State Court Action are attached hereto as **Exhibit 1**.

66513745v.25

2. In her Complaint, Plaintiff alleges that she was subjected to sexual harassment and retaliation , or in the alternative, subjected to public accommodation discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD").  (Exhibit 1.)

3. The Complaint was served on Kelly Services USA, LLC on October 14, 2020.

4. No named defendant filed any pleadings in the State Court Action.

5. Because Kelly Services filed this Notice of Removal within 30 days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because this Court embraces Camden County, New Jersey, the place where the State Court action has been pending.  28 U.S.C. § 1441(a).

**Basis for Removal**

7. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The requirements of 28 U.S.C. § 1332 have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

8. Plaintiff is a citizen of the State of New Jersey.  (Compl. ¶ 1.)

9. Vector Marketing Corporation is a citizen of the States of Pennsylvania and New York because it is incorporated under the laws of the State of Pennsylvania and has its principal place of business in the State of New York.

10. Kelly Services USA, LLC is a citizen of the State of Michigan because it is a limited liability company with its sole member, Kelly Services, Inc., existing under the laws of the State of Delaware and having its principal place of business in the State of Michigan. "An LLC is a citizen in every state in which its members are citizens." Zambelli v. Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d. Cir. 2010).

11. To the extent Plaintiff's Complaint contains allegations against fictitious "John Doe" individuals as catch-all defendants, those unidentified defendants should be disregarded in the context of removal. 28 U.S.C. §1441(b)(1) ("For purposes of removal, … the citizenship of parties sued under fictitious names shall be disregarded.").

12. Accordingly, this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought. 28 U.S.C. §1441(b).

13. In addition, Kelly Services believes in good faith that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332. In her Complaint, although she does not specify any amount of damages, Plaintiff seeks, among other things: (i) compensation for lost wages, benefits, fringe benefits, and other remuneration; (ii) back pay; (iii) front pay; (iv) compensatory damages; (v) non-economic compensatory damages; (vi) punitive damages; (vii) attorneys' fees; and (viii) "enhanced" attorneys' fees. (Compl. Counts One through Four, Wherefore Clauses).

14. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing amount in controversy. See Pub. L. 112-63, Title II, § 205.

15. Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). See H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these

circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). The "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

16. While Kelly Services maintains that Plaintiff is not entitled to any relief whatsoever, it is well established that "if appropriately made. . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004).

17. Plaintiff also claims compensatory damages for "emotional harm." (Compl. ¶48). Emotional distress awards in discrimination cases under the NJLAD, even in garden variety emotional distress, are often in the vicinity of $75,000.00. See Klawitter v. City of Trenton, 395 N.J. Super. 302 (App. Div. 2007) (upholding award of $79,538 in emotional distress damages); Andujar v. General Nutrition Corp., 767 Fed. Appx. 238 (3d Cir. 2019) (jury's $75,000 emotional distress award affirmed).

18. Plaintiff further claims attorneys' fees and costs. Attorneys' fees recoverable under fee-shifting statues are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are

available to successful plaintiffs under the statutory cause of action."). Courts have awarded in excess of $75,000 in attorneys' fees in employment discrimination cases. See <u>Cuevas v. Wentworth Group</u>, 226 N.J. 480 (2016) (where one plaintiff was awarded $253,284 in attorneys' fees and costs, and the second plaintiff was awarded $276,243 in attorneys' fees and costs). Based on defense counsel's experience, attorneys' fees in harassment cases similar to the present case could be at least $50,000.00.

19. Because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1332(a), and this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

20. Pursuant to 28 U.S.C. §1446, prompt written notice of this Notice of Removal is being served upon Plaintiff and the original is being filed in the State Court Action with the Clerk of the Superior Court of New Jersey, Camden County, Law Division, as required by 28 U.S.C. § 1446. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 2**.

21. On November 11, 2020, Counsel for Co-Defendant, Vector Marketing Corporation and Counsel for Kelly Services conferred regarding this Notice of Removal, and Vector Marketing Corporation consents to the removal of this action.

22. By filing this Notice of Removal, Kelly Services does not waive any defenses available at law, in equity, or otherwise.

23. For example, and without limitation, by filing this Notice of Removal, Kelly Services does not waive its right to move to compel arbitration in accordance with the Arbitration Agreement between Kelly Services and the Plaintiff. Indeed, Kelly Services reserves the right to move to compel Plaintiff to arbitrate her claims in accordance with her contractual obligation to

do so, and Kelly Services intends to file a motion to compel, rather than an Answer or other responsive pleading, should Plaintiff refuse to honor her agreement to arbitrate. On November 11, 2020, Kelly Services requested that Plaintiff, through her counsel, consent to arbitration and voluntarily dismiss her Complaint. On November 12, 2020, Plaintiff's counsel advised counsel for Kelly Services that she would confer with Plaintiff and follow up regarding Plaintiff's position concerning arbitration.

## Conclusion

24. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Kelly Services' factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation.

DATED: November 13, 2020

Respectfully submitted,

KELLY SERVICES USA, LLC

By: /s/ Lisa Savadjian
Lisa Savadjian (NJ Bar No. 066092013)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York, 10018
T: (212) 218-5500
F: (212) 218-5526
lsavadjian@seyfarth.com

Anthony S. Califano (*Pro Hac Vice forthcoming*)
Nicole C. Chomiak (*Pro Hac Vice forthcoming*)
SEYFARTH SHAW LLP
Seaport East, Suite 300
Two Seaport Lane

66513745v.25

Boston, MA 02210-2028
(T) (617) 946-4800
(F) (617) 946-4801
acalifano@seyfarth.com
nchomiak@seyfarth.com

*Attorneys for Defendant Kelly Services USA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2020 a true and correct copy of the foregoing Notice of Removal, with Exhibits 1-2, and Civil Cover Sheet, was filed with the Clerk using the CM/ECF filing system and served upon all counsel of record via United States Postal Service, proper postage prepaid, and email at the following address:

Kevin M. Costello, Esq.
Miriam S. Edelstein, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
kcostello@costellomains.com
medelstein@costellomains.com

Robert Pariser, Esq.
Michael Goldman, Esq.
Lydecker Diaz
One Evertrust Plaza, Suite 701, 4B
Jersey City, NJ 07302
rpariser@lydeckerdiaz.com
mgoldman@lydeckerdiaz.com

*s/ Lisa Savadjian*
Lisa Savadjian
Attorney for Defendant
Kelly Services USA, LLC