# EXHIBIT 1

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| SADE BRYANT,<br><br>                Plaintiff,<br><br>vs.<br><br>VECTOR MARKETING CORPORATION; KELLY SERVICES USA, LLC; and JOHN DOES 1-5 AND 6-10,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: CAM-L-3100-20<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: October 13, 2020

**Name of Defendant to be Served:**     Kelly Services USA, LLC
c/o The Registered Agent

**Address of Defendant to be Served:**  The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

| | |
|---|---|
| **ATLANTIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division, Direct Filing<br>1201 Bacharach Blvd., First Fl.<br>Atlantic City, NJ 08401 | LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 |
| **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division, Room 115<br>Justice Center, 10 Main St.<br>Hackensack, NJ 07601 | LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 |
| **BURLINGTON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Central Processing Office<br>Attn: Judicial Intake<br>First Fl., Courts Facility<br>49 Rancocas Road<br>Mt. Holly, NJ 08060 | LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(800) 496-4570 |
| **CAMDEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Processing Office<br>Hall of Justice<br>1st Fl., Suite 150<br>101 South 5th Street<br>Camden, NJ 08103 | LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Court<br>9 N. Main Street<br>Cape May Courthouse, NJ 08210 | LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 |
| **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Broad & Fayette Streets<br>P.O. Box 10<br>Bridgeton, NJ 08302 | LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 |
| **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Customer Service<br>Hall of Records, Room 201<br>465 Dr. Martin Luther King Jr. Blvd.<br>Newark, NJ 07102 | LAWYER REFERRAL<br>(973) 622-6204<br>LEGAL SERVICES<br>(973) 624-4500 |
| **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Fl. Court House<br>Woodbury, NJ 08096 | LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 |
| **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House – 1st Floor<br>583 Newark Avenue<br>Jersey City, NJ 07306 | LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 |

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

| | |
|---|---|
| **UNION COUNTY:**<br>Deputy Clerk of the Superior Court<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207 | LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **WARREN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Court House<br>413 Second Street<br>Belvedere, NJ 07823 | LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 475-2010 |

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| SADE BRYANT, | SUPERIOR COURT OF NEW JERSEY |
|  | CAMDEN COUNTY - LAW DIV. |
| Plaintiff, |  |
|  | CIVIL ACTION |
| vs. |  |
|  |  |
| VECTOR MARKETING CORPORATION; | DOCKET NO: |
| KELLY SERVICES USA, LLC; and JOHN |  |
| DOES 1-5 AND 6-10, |  |
|  |  |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Sade Bryant, residing in Voorhees, New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

Plaintiff brings this action alleging unlawful sexual harassment and retaliation in violation of the New Jersey Law Against Discrimination ("LAD"). In the alternative, claim is brought for public accommodation discrimination pursuant to the LAD.

### Identification of Parties

1.  Plaintiff Sade Bryant is, at all relevant times herein, a resident of the State of New Jersey and an employee of the defendants.

2.  Defendant Vector Marketing Corporation ("Vector") is, at all relevant times, a corporation operating in New Jersey, plaintiff's employer and/or plaintiff's dual or special employer, or in the alternative, a place of public accommodation within the meaning of the LAD.

1

3. Defendant Kelly Services USA, LLC ("Kelly Services") is, at all relevant times herein, a limited liability company operating in the State of New Jersey and is plaintiff's employer and/or plaintiff's dual or special employer.

4. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

5. Plaintiff became employed by defendants as a human resources representative in July of 2019.

6. At all times, plaintiff worked up to the reasonable expectations of her employers.

7. Plaintiff was placed by Kelly Services in a position at Vector's business location.

8. Plaintiff's day-to-day work was controlled and supervised by Vector and its representatives.

9. Plaintiff was a dual and/or special and/or joint employee of defendants Kelly Services and Vector.

10. In the alternative, to the extent that Vector is not the employer of plaintiff, Vector is a place of public accommodation as defined within the LAD.

11. Plaintiff is female.

12. Throughout the course of her employment with defendants, plaintiff was subjected to sexual harassment.

13. The harassment was sexual on its face and because of plaintiff's gender.

14. The harassment was severe and/or pervasive.

15. The harassment was such that a reasonable woman in the same or similar circumstances would have found the work environment to have become hostile and/or intimidating and/or abusive.

16. The work environment did so alter for plaintiff.

17. To the extent that Vector is not the employer of the plaintiff, the harassment that plaintiff was subjected to by Vector was because of her gender, was severe and/or pervasive and was such that a reasonable woman in the same or similar circumstances would have found the environment of the place of public accommodation hostile, intimidating or abusive.

18. On the first day of her employment, plaintiff offered to pick up lunch for the office at a nearby restaurant.

19. Another employee, Michael Diamond, offered to go with her to pick up lunch.

20. Diamond told plaintiff that he was the Office Manager, which was not true.

21. As they walked into the restaurant, Diamond pointed out that several men were looking at plaintiff.

22. Plaintiff told Diamond not to worry about it.

23. Diamond responded, "I bet you get that all the time. They're looking at your butt, I'm going to stand behind you so they won't look at you and they'll know you're mine."

24. After this, Diamond then began sexually harassing plaintiff on a regular basis.

25. Diamond's sexual harassment of plaintiff was uninvited, unreciprocated and unappreciated by plaintiff.

26. Diamond's sexual harassment of plaintiff included, but was not limited to the following:

    (a) Telling plaintiff that she looked "nice" or "pretty" on a regular basis;

3

  (b) Telling plaintiff that he liked younger women;

  (c) Stating, "I don't like nothing old but money. That's why I like you.";

  (d) Stating that he liked women who were "young" and "curvy," with "small waists" and "big butts.";

  (e) Talking about anal sex and other sexual things that he liked;

  (f) Discussing having sex with his current girlfriend and ex-girlfriends;

27. In or around September of 2019, Diamond walked to plaintiff's desk, began massaging her shoulders and told her that he was a licensed massage therapist.

28. Plaintiff told Diamond that she did not care who he was and not to touch her.

29. Upon information and belief, Diamond was harassing other female coworkers in addition to plaintiff.

30. On two occasions plaintiff saw Diamond watching pornography on his computer at work.

31. On other occasions Plaintiff arrived at work early to find Diamond already in the building, all of the lights turned off and a roll of paper towels, bottle of lotion and bottle of hand sanitizer on his desk.

32. Plaintiff responded Diamond's harassment by declining his advances and telling him that she was not interested in him.

33. Early on in her employment Plaintiff offered to drive Diamond to work because he lived on her route there, but she also stopped doing this as his conduct made her increasingly uncomfortable.

4

34. After plaintiff declined Diamond's advances and stopped driving him to work he began retaliating against her by yelling at her and falsely reporting to management that she was not doing her work.

35. On one occasion plaintiff moved her chair away from Diamond and sat with another coworker.

36. Diamond became angry, found plaintiff and yelled, "If you did your fucking job you would be ok. You need to do some fucking work."

37. After this incident plaintiff reported all of Diamond's harassing and retaliatory conduct to Vector Manager Mike Huboky.

38. Plaintiff thereby engaged in LAD-protected conduct.

39. Huboky moved plaintiff's desk about 10 feet away from Diamond and made him apologize to her.

40. Nevertheless, plaintiff continued to hear Diamond complaining about her to management.

41. Plaintiff reported Diamond's continued retaliatory harassment to Huboky a second time in or around February of 2020.

42. Plaintiff also reported Diamond's harassment and retaliation to Kelly Services in or around February of 2020.

43. Plaintiff thereby engaged in further LAD-protected conduct.

44. Kelly Services investigated plaintiff's report and learned that Diamond was harassing plaintiff and two other female employees.

45. Plaintiff was out of work for one week while the investigation was completed.

46. Kelly Services terminated Diamond at the conclusion of the investigation.

5

47. However, upon information and belief, Diamond is still employed by Vector.

48. As a result of defendant's actions, plaintiff has been forced to suffer emotional harm and economic loss.

49. Because the above actions were egregious and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Sexual Harassment Under the LAD

50. Plaintiff hereby repeats and re-alleges paragraphs 1 through 49, as though fully set forth herein.

51. For the reasons set forth above, defendants are liable to plaintiff for sexual harassment in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Retaliation Under the LAD

52. Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53. For the reasons set forth above, defendants are liable to plaintiff for a retaliation in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Public Accommodation Discrimination

54. Plaintiff hereby repeats and re-alleges paragraphs 1 through 53, as though fully set forth herein.

55. In the alternative, to the extent that Vector is not plaintiff's employer, plaintiff was subjected to discrimination in a place of public accommodation, such that Vector is responsible for all consequences resulting therefrom.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### Request for Equitable Relief

56. Plaintiff hereby repeats and re-alleges paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff requests the following equitable remedies and relief in this matter.

58. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

7

59. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

60. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

61. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

62. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

63. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

64. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: September 18, 2020

By: **/s/Kevin M. Costello**
**Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
    **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
    **Kevin M. Costello**

9

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

          **COSTELLO & MAINS, LLC**

          By: **/s/Kevin M. Costello**
               **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

          **COSTELLO & MAINS, LLC**

          By: **/s/Kevin M. Costello**
               **Kevin M. Costello**

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-003100-20**

Case Caption: BRYANT SADE VS VECTOR MARKETING COR PORATION
Case Initiation Date: 09/18/2020
Attorney Name: KEVIN MICHAEL COSTELLO
Firm Name: COSTELLO & MAINS, LLC
Address: 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319
Phone: 8567279700
Name of Party: PLAINTIFF : BRYANT, SADE
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: SADE BRYANT? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/18/2020                                                                    /s/ KEVIN MICHAEL COSTELLO
Dated                                                                                              Signed